UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA,

v.                                                              **Criminal Action No. 4:08cr45**

WILLIS A. McMILLAN,

        Defendant.


## ORDER AND OPINION

On August 13, 2008, the court conducted a hearing to address defendant's motion to suppress two plastic bags containing cocaine and marijuana discovered during a search of his person. Defendant argued that suppression was warranted because (1) the Newport News police lacked reasonable suspicion to stop the vehicle in which defendant was a passenger and (2) defendant was searched "at a time when no valid search warrant had been issued" and was not presented with an executed search warrant until after the search had been conducted. At the August 13 hearing, defendant also argued, based on information that had just been received, that (3) suppression was warranted because the Newport News police allegedly failed to attach the supporting affidavit to the warrant served on defendant at the time the warrant was executed, as required by Virginia state law and allegedly in violation of defendant's rights under the Fourth Amendment to the U.S. Constitution. The government argued in its Response that (1) the Newport News police had reasonable suspicion to stop the vehicle, (2) defendant was searched after having been served with a signed search warrant, and (3) the service of the search warrant without the affidavit, even if a violation of Virginia law, was in good faith, did not violate the

Fourth Amendment, and did not trigger the exclusionary rule. In this connection, the government further argued that suppression would also not be warranted because the drugs at issue would have been inevitably discovered as a result of the routine strip search conducted in connection with defendant's commitment to the Newport News City Jail. After the government presented its evidence at the August 13 hearing, including testimony and documentary evidence regarding the chronology of events on the date of defendant's arrest, defendant's counsel conceded that the government's testimony left defendant with no basis for his arguments regarding reasonable suspicion and probable cause. (Defendant called no witnesses at the August 13 hearing.) Thus, the only issue currently before this court in connection with defendant's motion to suppress is whether the Newport News police's alleged failure to attach the affidavit to the warrant served on defendant at the time the warrant was executed requires exclusion of the drug evidence. For the reasons set forth below, the court **DENIES** defendant's motion.

## FACTS

On November 22, 2006, the vehicle in which defendant was a passenger was stopped by the Newport News police as a result of the vehicle having an improperly dark window tint on its front windows. As the officer approached the driver's side of the car, he saw some movement in the back seat, and asked the driver to roll down the driver's side rear window, which was also heavily tinted, so that he could see in the back seat. The driver complied and the officer observed defendant in the back seat of the car.

The officer and a sergeant (who arrived with another officer as backup) observed the odor of burning marijuana in the vehicle and had the vehicle's occupants exit the vehicle. As they exited, the officers and sergeant smelled the odor of marijuana on all of the vehicle's occupants.

As the sergeant was advising the driver that the tint on the vehicle's windows was improper, he again detected a heavy odor of marijuana coming from the vehicle and advised the officers to detain the occupants. The driver resisted detention, but was eventually restrained, after which time defendant and the other passenger were also detained.[1]

After all three of the vehicle's occupants were detained, the backup officer and sergeant searched the vehicle, finding suspected cocaine residue inside the center console. All three occupants were arrested for possession of cocaine. In the search of defendant incident to arrest, the officer felt what he believed to be a bag of narcotics in the area of defendant's buttocks. After advising defendant of his Miranda rights, the officer inquired as to whether defendant was hiding anything in his buttocks. Defendant advised that he was not. The sergeant attempted to see if the suspected bag of narcotics was loose in defendant's underwear, and saw a clear plastic bag protruding from defendant's buttocks. He then tucked defendant's t-shirt and sweatshirt into his pants, secured defendant's belt above his waist, and tucked his pant legs into his socks, taping them with duct tape to make certain that nothing would fall out. Defendant vomited over the highway guardrail prior to being placed in the police unit. A cellular phone and $440.00 in U.S. currency were recovered from defendant's right front pants pocket.

Defendant was then transferred to Newport News Police Headquarters, and he was observed visually while a search warrant was obtained. The warrant, which was issued at 3:00 p.m., provided authority to search defendant's person for cocaine, marijuana and/or any other illegal narcotics. See Exhibit B to Government's Response and Incorporated Memorandum of

---

[1] The driver advised the police on the scene that the vehicle was "his car," but it was later revealed that it belonged to the boyfriend of the driver's mother, who was incarcerated at the time.

3

Law in Support of Its Response to Defendant's Motion to Suppress (Search Warrant); Exhibit A

to Government's Response (Affidavit for Search Warrant). The arresting officer had the

magistrate sign two copies of both the warrant and the affidavit: one set was to be executed by

the officer and returned for filing, the other set was to be served on defendant. The arresting

officer turned the warrant over to the sergeant and another officer, who transported defendant to

Riverside Regional Medical Center in order to have the warrant executed. Prior to executing the

search warrant, the sergeant asked defendant if there was anything in his buttocks. Defendant

again denied that there was. The officer to whom the warrant had been given served defendant

with his copy of the warrant but did not serve him with his copy of the affidavit. At

approximately 3:49 p.m., that officer executed the warrant and saw a plastic bag with marijuana

in it and a plastic bag with cocaine in it inside defendant's buttocks. A doctor removed the bags,

causing them to fall into defendant's pants, and the officer retrieved them. Defendant was

discharged from the hospital at approximately 3:55 p.m. Following discharge, he was

transported to the Newport News City Jail.

Once the executing officer had returned to the jail with defendant, the arresting officer

discussed the service of the warrant and affidavit on defendant with the executing officer. The

executing officer indicated that he had only served the warrant, whereupon the arresting officer

took the signed affidavit from the executing officer and gave it to defendant along with an

unsigned copy of the warrant, on which the arresting officer noted the executing officer's name

and the date and time on which the warrant had been executed. At this point, the testimonial

evidence among the police officers involved diverges somewhat. The arresting officer indicated

that defendant complained that he had not received a signed copy of the warrant, prompting the

4

arresting officer to go back to the magistrate to have her sign another copy of the warrant, which

he then gave to defendant. The executing officer testified that he believed that defendant had

complained that he had received an unsigned copy of the affidavit, not the warrant, and that the

arresting officer had gotten the magistrate to sign another copy of the affidavit for defendant.

Defendant presented into evidence both the unsigned copy of the warrant that the arresting

officer had given to him and an unsigned copy of the affidavit. The arresting officer surmised

that the unsigned copy of the affidavit had been given to defendant along with the additional

signed copy of the warrant that the arresting officer went back to have the magistrate sign.

## ANALYSIS

Rule 41 of the Federal Rules of Criminal Procedure governs the issuance of warrants, but

only in cases in which a warrant is obtained "at the direction or urging of a federal officer."

United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992). In this case, which is a state

investigation that was subsequently referred for federal prosecution, the Federal Rules governing

search warrants do not apply. Instead, it is proper to look to the Virginia law governing search

warrants. Section 19.2-54 of the Virginia Code requires an affidavit prior to the issuance of a

search warrant, and Section 19.2-56 requires that the magistrate attach to the search warrant a

copy of the affidavit, which then becomes part of the warrant and is to be served along with it.

Va. Code Ann. §§ 19.2-54, 56. Thus it appears that, under applicable Virginia law, the affidavit

should have been attached to, and served with, the search warrant.

However, even if this court were to accept that the officer's failure to attach the affidavit

to the warrant was, in fact, a violation of applicable Virginia law, it does not necessarily follow

that this violation of state law rises to the level of a violation of defendant's Fourth Amendment

5

rights, which might warrant suppression of the drug evidence. The Fourth Amendment relevantly provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. It does not, by its terms, impose any requirement that affidavits be attached to warrants. This requirement is instead imposed by Virginia law. Accordingly, the Newport News police's alleged failure to attach the affidavit to the search warrant at the time it was served on defendant cannot, in and of itself, be considered a violation of defendant's Fourth Amendment rights.

Although Virginia "employs the rule . . . that evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused," the Virginia "Supreme Court has steadfastly refused to extend that rule to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression." Troncoso v. Commonwealth, 407 S.E.2d 349, 350, 12 Va. App. 942, 944 (Va. Ct. App. 1991) (citing Hall v. Commonwealth, 121 S.E. 154 (1924); Thompson v. Commonwealth, 390 S.E.2d 198, 201, 10 Va. App. 117, 122 (Va. Ct. App. 1990)); see also Virginia v. Moore, 128 S. Ct. 1598, 1606 (2008) ("Virginia does not . . . ordinarily exclude from criminal trials evidence obtained in violation of its statutes.").

Here, as in Troncoso, there is no such express statutory provision requiring suppression. The relevant statute governing motions for suppression is Section 19.2-60 of the Virginia Code. As the court in Troncoso noted, "Code § 19.2-60 is a procedural statute. . . . While it directs the disposition of the subject property if the motion is granted, it sets forth no rules or standards governing decision on such motions, nor does it command the suppression or exclusion of

6

evidence." <u>Troncoso</u>, 407 S.E.2d at 350, 12 Va. App. at 944. The other relevant statute at issue here, Section 19.2-56, provides that the "judge, magistrate, or other official authorized to issue criminal warrants shall attach a copy of the affidavit required by § 19.2-54, which shall become part of the search warrant and served therewith." However, the mandatory language of this section, in and of itself, neither invalidates the warrant nor requires suppression of the evidence. In the case of <u>Commonwealth v. Rafferty</u>, a magistrate allegedly failed to attach a certificate of defendant's refusal to submit to alcohol tests to a warrant, as required by Virginia law. 402 S.E.2d 17, 241 Va. 319 (1991). The defendant argued that this violation of state law precluded his prosecution. The Virginia Supreme Court, however, explained that "'[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.'" <u>Id.</u> at 20, 241 Va. at 324 (quoting <u>Nelms v. Vaughan</u>, 5 S.E. 704, 706, 84 Va. 696, 699 (1888)). The court further explained that it did "not construe use of the word 'shall' as a sufficient legislative declaration making attachment of the certificate essential to the validity of this proceeding." <u>Id.</u>, 241 Va. at 325. Accordingly, it appears that Virginia law does not require suppression of evidence merely because of a violation of § 19.2-56.

The Circuit Court of Virginia reached the same result in a similar situation in <u>Commonwealth v. Hoverstadt</u>, 53 Va. Cir. 271 (Va. Cir. Ct. 2000) (unpublished opinion). In that case, the defendant moved to suppress drug evidence discovered pursuant to the execution of a search warrant, arguing that a magistrate's failure to attach a copy of an affidavit to a search warrant violated the defendant's Fourth Amendment rights. The court denied the defendant's motion, stating, "No legal principle, at least of a constitutional magnitude, requires the affidavit

7

to be served simultaneously with the search warrant." Id. at *4. The court further noted, as discussed above, that "mere statutory violations generally do not trigger the exclusionary rule," because the rule "seeks to 'deter police misconduct'–not to remedy procedural or technical errors committed in good faith by magistrates and law enforcement officers." Id. (quoting Moyer v. Commonwealth, 531 S.E.2d 580, 588, 33 Va. App. 8, 24 (Va. Ct. App. 2000) (en banc)).[2]

This determination is also consistent with relevant federal and Supreme Court jurisprudence. For example, the Fourth Circuit has held, in the context of a warrant served pursuant to Fed. R. Crim. P. 41, that serving the defendant in that case with an unsigned copy of the warrant was not grounds for suppression absent bad faith or prejudice. United States v. Lipford, 203 F.3d 259, 269–70 (4th Cir. 2000). The U.S. Supreme Court recently held that evidence did not need to be suppressed when it was discovered pursuant to an arrest made with probable cause but in violation of Virginia law, which, in that case, prescribed citation instead of arrest for the suspected criminal activity at issue. Virginia v. Moore, 128 S. Ct. 1598 (2008). The Supreme Court's analysis in Moore applies *a fortiori* in the instant case, which involves what appears to have been a mere technical oversight by the executing officer that was, as previously noted, promptly remedied by the arresting officer when discovered.

In light of the foregoing analysis, this court need not address at this time the government's argument regarding inevitable discovery.

For the foregoing reasons, defendant's motion to suppress is **DENIED.**

_____

[2] The Newport News police's good faith in the instant case appears clear from the fact that, upon discovery of the executing officer's failure to serve defendant with a signed affidavit and hearing defendant's complaint that he was not served with a signed warrant and/or affidavit, the arresting officer took immediate steps to remedy the situation, providing defendant with the requested documents.

The Clerk is **REQUESTED** to send a copy of this Order to the Assistant United States Attorney and to counsel of record for the defendant.

**IT IS SO ORDERED.**

/s/

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 26, 2008